**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**PHILLIP BERRYMAN,** *et al.***,**

      **Plaintiffs,**            **CIVIL ACTION NO. 14-CV-12593**

**vs.**                         **DISTRICT JUDGE AVERN COHN**

                                 **MAGISTRATE JUDGE MONA K. MAJZOUB**

**SCOTTY FREED,** *et al.***,**

      **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiffs Philip Berryman, Charles Starling, and Daniel Mora, prisoners at the Saginaw Correctional Facility at the time of their suit,[1] filed this action under 42 U.S.C. §§ 1983, 1985, and 1988 against Defendants Scott Freed, R. Vittitow, L. Elkins, Exelby, N. Culberson, Kedron, Fay Taylor, Fred Funston, Reszke, Adriane Neff, and Ruhl-Anderson alleging that Defendants conspired to retaliate against them in violation of their "right to substantive due process under the Fist and Fourteenth Amendments," their "right to procedural due process rights under the Fourteenth Amendment, their "rights to due process and a fair trial under the Fifth and Sixth Amendments," their "rights to due process and a fair hearing/trial under the First, Fifth and Sixth Amendments," and their "right against continued seizure without probable cause under the Fourth Amendment." (*See* docket no. 1.) Plaintiffs seek compensatory damages, punitive damages, and any other relief that the Court deems appropriate.

_____

[1] Plaintiff Berryman is currently incarcerated at the Macomb Correctional Facility; Plaintiff Mora remains incarcerated at the Saginaw Correctional Facility; and Plaintiff Starling has been release on parole.

Before the Court are Plaintiffs' Motion for a Temporary Restraining Order (docket no. 5) and Defendants' Motion to Sever (docket no. 30). Plaintiffs each filed a response to Defendants' Motion.   (Docket nos. 31, 32, and 34.)   All pretrial matters have been referred to the undersigned for consideration.   (Docket no. 27.)   The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

## I.      Recommendation

The undersigned recommends denying Plaintiffs' Motion for a TRO (docket no. 5) and granting Defendants' Motion to Sever (docket no. 30).   Plaintiffs Charles Starling and Daniel Mora should be dismissed from this matter without prejudice.   The Court should also require Plaintiff Philip Barryman to pay the remaining portion of his filing fee.   (*See* docket no. 2.)

## II.     Report

### A.      Factual Background[2]

Plaintiff Berryman alleges that Defendants' retaliatory conduct began in December 2010 while he was housed at the Cotton Correctional Facility.   Plaintiff alleges that he filed grievances against a healthcare provider at the prison and that "her Homosexual Partner," Defendant Neff, retaliated by falsely claiming that Plaintiff Berryman had assaulted her, which led to a Misconduct Ticket.   Plaintiff alleges that his hearings on the matter were rushed and that he was then transferred to the Lakeland Correctional Facility without having an opportunity to prove his innocence.   (Docket no. 1 at 19.)   Plaintiff contends that he attempted to get information concerning Defendant Neff's mental stability and that he wrote letters to the Jackson County Prosecutor's Office and the Michigan State Police without any response.   (*Id.*)

---

[2] Plaintiffs each set forth separate factual allegations in their joint Complaint.   (*Compare* docket no. 1 at 19-25, *with* docket no. 1 at 39-42, *and* docket no. 1 at 53.)

Plaintiff Berryman further alleges that while he was incarcerated at the Lakeland Correctional Facility, he received 15 false Major Misconduct Tickets from Defendant Elkins and that he was told she "knew about what he had done at the Cotton facility."  (*Id.*)   At some point, though, non-party Captain Thomas took Plaintiff to see Defendant Elkins and told her to stop writing the tickets, but she said that she was "told to write the tickets, by her supervisor D. Smith." (*Id.*)   The tickets from Defendant Elkins stopped, but Plaintiff then started being charged with complaints from D. Smith.   (*Id.* at 20.)   Plaintiff was ultimately informed by non-party RUM G. Paul that Plaintiff was going to be transferred because of all of his grievances and other complaints.   (*Id.*)

On June 11, 2013, Plaintiff Berryman was transferred to the Saginaw Correctional Facility. Plaintiff alleges that at that time, he was given a drug test, "which shown negative for drugs," but he was given a Major Misconduct Ticket for Substance Abuse and Other.   (*Id.* at 20-21.) Plaintiff alleges that Defendants Freed and Neff denied him access to documents that would prove his innocence and that they further told him that staff at SRF would not put up with him constantly filing grievances like he did at Lakeland and Cotton.   (*Id.* at 21.)   He alleges that Defendants then found him guilty of the Major Misconduct, which resulted in a permanent loss of his visiting privileges.   (*Id.*)

Plaintiff Berryman alleges that later that night, Defendant Ruhl-Anderson allowed another prisoner to steal his property, so Plaintiff filed a grievance.   He claims that Defendant Taylor then refused to order inkjet cartridges for his word processor and stopped a word-processor-repair claim, which Plaintiff had attempted to send to a previously approved vendor.   (*Id.*)   And he alleges that Defendant Taylor refused to remit a filing fee to federal court for a case in the Western

District of Michigan, which resulted in his inability to receive proper Kosher meals.   (*Id.* at 22.)

Plaintiff Berryman also alleges that Defendant Ruhl-Anderson claimed that she found contraband in Plaintiff's area, which Plaintiff claims were hobbycraft popsicle sticks, but Defendant Culberson still found him guilty of the ticket "because she had to rely on the (other) officers to protect her while she was at work."   (*Id.*)   Plaintiff claims that Defendant Ruhl-Anderson told him to "file another grievance on me" if Plaintiff believed the ticket was improper.   (*Id.*)

Finally, Plaintiff Berryman alleges that on May 5, 2014, Defendant Funston came to his room told him he was "the inspector" and that he was there "to check [Plaintiff's] legal materials at the request of AGA Kummer regarding a lawsuit you have with a prisoner Connor's (sic)."   (*Id.* at 23.)   Plaintiff alleges that Defendant Funston took his word processor and floppy disks with all of his legal materials on them.   (*Id.*)

Plaintiff Starling alleges that Defendants Freed, Ruhl-Anderson, Culberson, Vittitow, and Kedron, along with some other non-party officers, conspired to retaliate against him because he was friends with Plaintiff Berryman.   Plaintiff alleges that in April of 2014, he was issued a Major Misconduct ticket and that he was found guilty of the misconduct without a hearing by Defendant Freed, the hearing investigator.   Plaintiff Starling alleges that he attempted to contact Defendants Vittitow, Freed, and Culberson regarding the lack of a hearing but that none of them responded. And when Plaintiff asked non-party Sergeant Cichouski about the lack of a hearing, he said "you'll have to provide it, you like hanging with mister (sic) Berryman and filing grievances so much." (Docket no. 1 at 39.)   Then, when he attempted to get a hearing report from the alleged hearing, Defendant Vittitow told him that if he kept asking, he "might find himself way up North."   (*Id.* at

40.)

Plaintiff Starling also alleges that Defendants Ruhl-Anderson and Kedron fabricated a false Major Misconduct allegation against him for allegedly giving his telephone PIN to another inmate, which resulted in a 180-day loss of phone privileges.   Plaintiff alleges that Defendant Kedron told him "you need to watch who you write grievance on," and non-party officer Randall told him "you're getting into a big mess hanging out with prisoner Berryman, certain staff are going after you because of it."   (*Id.* at 40-41.)

Plaintiff Mora alleges that he complained to the Assistant Resident Unit Supervisor in his unit about Defendant Reszke throwing Plaintiff Mora's property on the floor and that in retaliation for doing so, Defendant Reszke charged him with theft and being out of place.   Plaintiff Mora further alleges that he tried to get the hearing rules from Defendant Freed, but Defendant Freed refused to provide them.   Defendant Culberson then took Plaintiff Mora to a hearing regarding the charges, refused to provide him with an interpreter, and then found Plaintiff Mora guilty.   Plaintiff Mora alleges that he could not understand Defendant Culberson at the hearing and that she falsely stated that Plaintiff pled guilty.   Plaintiff also notes that Defendant Reszke told him that he "should not be hanging out with Berryman."   (Docket no. 1 at 53.)

### B.    Governing Law

#### 1.    Motion to Sever

Under Rule 21, a court "may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."   Fed. R. Civ. P. 21.   District courts have broad discretion with regard to severance under Rule 21.   *See Deskovic v. City of Peekskill*, 673 F.Supp.2d 154, 159-60 (S.D.N.Y. 2009); *United States v. O'Neil*, 709 F.2d 361, 367 (5th Cir.1983).   The moving

party bears the burden of demonstrating that "severance is required to avoid prejudice or confusion and to promote the ends of justice." *See Bey v. City of N.Y.*, No. 99 Civ. 3873(LMM), 2009 WL 1911742, at *1 (S.D.N.Y. June 30, 2009) (*citing Lewis v. Triborough Bridge & Tunnel Auth.*, No. 97 Civ. 0607(PKL), 2000 WL 423517, at *2 (S.D.N.Y. Apr. 19, 2000)). Moreover, when considering a Rule 21 motion to sever, courts look to Rule 20 for guidance. *Coalition to Defend Affirmative Action, Integration and Immigrant Rights and Fight for Equality by Any Means Necessary v. Regents of the University of Michigan et. al*, 701 F.3d 466, 489 (6th Cir. 2012); *see also In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed.Cir. 2012); *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir.2010); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir.1997). Under Rule 20(a)(1), joinder of Plaintiffs is proper if "(A) [the plaintiffs] assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed.R.Civ.P. 20(a)(1). Similarly, joinder of Defendants is proper if "(A) any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). But courts also consider "(1) whether severance would serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *See, e.g., Kehr v. Yamaha Motor Corp.*, 596 F.Supp.2d 821, 826 (S.D.N.Y.2008).

### 2.   Temporary Restraining Order

Federal Rule of Civil Procedure Rule 65 authorizes the issuance of preliminary injunctions

and temporary restraining orders.   The Court may issue a temporary restraining order to preserve the status quo until it has had an opportunity to determine whether a preliminary injunction should issue.  *First Tech. Safety Sys, Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993).   "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."  *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citation omitted).   In deciding a motion for a preliminary injunction, the court should consider whether (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant will suffer irreparable injury without the injunction; (3) the preliminary injunction will cause substantial harm to others; and (4) the public interest will be served if the injunction issues.  *Id.* (citation omitted). While these factors are to be balanced, the failure to show a likelihood of success on the merits is generally fatal.  *Id.   See also Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

### C.    Analysis

#### 1.    Defendants' Motion to Sever

Through their Motion to Sever, Defendants argue that Plaintiffs each raise separate claims against divergent groups of defendants, even though there are overlapping defendants and Plaintiffs each allege some sort of retaliation claim.   Thus, Defendants contend, Plaintiffs are improperly joined under Rule 20(a)(1), and Defendants are improperly joined under Rule 20(a)(2). (*See* docket no. 30.)   Plaintiffs assert, though separate responses, that their claims are not improperly joined because they allege that (1) Defendants acted in concert to retaliate against Plaintiff Berryman for his filing of grievances against Defendants and other non-party officers, and (2) Defendants retaliated against Plaintiffs Starling and Mora because of their friendships with

Plaintiff Berryman.   (*See* docket nos. 31, 32, and 34.)

Although Plaintiffs' claims are arguably related because of the underlying connection to Plaintiff Berryman, the claims by Plaintiffs Mora and Starling are analytically and factually distinct from those of Plaintiff Berryman.   As Defendants correctly note, "Plaintiff Berryman's claims are against Defendants Freed, Exelby, Funston, Taylor, Neff, Ruhl-Anderson, Culberson, and Elkins [for] allegedly [filing] false misconduct tickets, interference with access to the courts, retaliation, conspiracy, and destruction/confiscation of documents;" while Plaintiffs Starling's claims are against "Defendants Freed, Ruhl-Anderson, Culberson, Vittitow and Kedron [for] allegedly [filing a] false misconduct ticket, conspiracy to destroy or deny evidence, and retaliation;" and Plaintiff Mora's claims are "against Defendants Freed, Reszke, and Culberson [for] writ[ing] a retaliatory misconduct ticket . . . and [denying him] an interpreter at the hearing." (Docket no. 30 at 5-6.)   Moreover, Plaintiff Berryman alleges that Defendants' retaliation is based on his filing of grievances while Plaintiffs Starling and Mora allege that Defendants' retaliation is based on their friendship with Plaintiff Berryman.   Thus, while some of Plaintiffs' claims and arguments may be similar and may require the testimony of related witnesses, the questions of law and fact are not common to all of the Plaintiffs or all of the Defendants.   Therefore, the Court should grant Defendants' Motion to sever and dismiss Plaintiffs Starling and Mora from this matter, without prejudice.   Additionally, Plaintiff Berryman should be required to pay the remaining filing fee that was originally split between the Plaintiffs.

### 2.      Plaintiffs' Motion for a Temporary Restraining Order

Without any further development of their argument, Plaintiffs generally assert that they will be transferred from SRF in retaliation for their filing of the instant lawsuit, that Defendants

"have a practice and custom" of doing so, and that Plaintiffs "will suffer immediate and irreparable harm and lack of adequate remedy at law unless the Defendants . . . are prevented from continuing in such conduct and from further retaliation."   (Docket no. 5.)   Notably, Plaintiffs Berryman and Starling have already been transferred from SFR, and Plaintiff Starling has been released on parole.   Thus, Plaintiffs' instant Motion is moot with respect to those individual Plaintiffs.   Moreover, Plaintiffs have failed to make any argument with regard to the factors that the Court is to consider with regard to a Motion for TRO.   Thus, they have failed to meet their burden in this matter.   Plaintiffs' Motion should be denied.

### D.    Conclusion

For the reasons stated above, the undersigned recommends denying Plaintiffs' Motion for a TRO (docket no. 5) and granting Defendants' Motion to Sever (docket no. 30).   Plaintiffs Charles Starling and Daniel Mora should be dismissed from this matter without prejudice.   The Court should also require Plaintiff Philip Barryman to pay the remaining portion of his filing fee.   (*See* docket no. 2.)

### III.    Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).   Failure to file specific objections constitutes a waiver of any further right of appeal.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report

9

and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:   April 20, 2015                          s/ Mona K. Majzoub
                                                 MONA K. MAJZOUB
                                                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served on counsel of record and on Plaintiffs Philip Berryman, Charles Starling, and Daniel Mora on this date.

Dated:   April 20, 2015                          s/ Lisa C. Bartlett
                                                 Case Manager

10