UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP BERRYMAN, CHARLES
STARLING, and DANIEL MORA,

    Plaintiffs,

v.                                    Case No. 14-12593

SCOTT FREED, R. VITTITOW, L.         HON. AVERN COHN
ELKINS, EXELBY, N. CULBERSON,
KEDRON, FAY TAYLOR, FRED FUNSTON,
RESZKE, ADRIANE NEFF, and
RUHL-ANDERSON,

    Defendants.
_____/

**MEMORANDUM AND ORDER**
**OVERRULING PLAINTIFF PHILLIP BERRYMAN'S OBJECTIONS (Doc. 37)**
**AND CHARLES STARLING'S OBJECTIONS (Doc. 38)**
**AND**
**ADOPTING REPORT AND RECOMMENDATION (Doc. 35)**
**AND**
**DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER (Doc. 5)**
**AND**
**GRANTING DEFENDANTS' MOTION TO SEVER (Doc. 30)**

I.

This is a prisoner civil rights case. Plaintiffs Philip Berryman, Charles Starling, and Daniel Mora, prisoners at the Saginaw Correctional Facility (SGF) at the time of their suit,[1] filed this action under 42 U.S.C. § 1983, 1985, and 1988, essentially claiming

---

[1] As the magistrate judge noted, Berryman is currently incarcerated at the Macomb Correctional Facility, Mora remains incarcerated at the Saginaw Correctional Facility, and Starling has been release on parole.

that defendants, employees of the Michigan Department of Corrections at SCF conspired against them against to violate their civil rights by issuing false and/or retaliatory misconduct tickets and destroying documents.  Defendants are:  Scott Freed, R. Vittitow, L. Elkins, Exelby, N. Culberson, Kedron, Fay Taylor, Fred Funston, Reszke, Adriane Neff, and Ruhl-Anderson.  Plaintiffs claim violations of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments.  Plaintiffs seek compensatory damages, punitive damages, and any other relief that the Court deems appropriate.

The matter was referred to a magistrate judge for pretrial proceedings.  (Doc. 27)  Plaintiffs filed a Motion for a Temporary Restraining Order (TRO) (Doc. 5) and Defendants filed a Motion to Sever (Doc. 30).  Plaintiffs filed separate response to Defendants' Motion to Sever.  (Docs. 31, 32, and 34.).  The magistrate judge issued a report and recommendation (MJRR), recommending that plaintiffs' motion for a TRO be denied because Berryman and Starling have been transferred from the Saginaw Correctional Facility, Starling has been released on parole, and the criteria for a TRO have not been satisfied.  The magistrate judge also recommends that defendants' motion to sever be granted because the facts and circumstances of each named plaintiffs' claims are sufficiently distinct such that severance is appropriate.  As such, the magistrate judge recommends that Starling and Mora be dismissed without prejudice and Berryman, as the sole plaintiff, be directed to pay the remainder of the filing fee.

Before the Court are Berryman and Starling's objections[2] to the MJRR.  Mora has

---

[2] The MJRR was issued on April 20, 2015.  Objections were due on or before Friday, May 8, 2015.  Starling's objections were received for filing on May 11, 2015.  However, his certificate of service states they were placed in the mail on May 3.  The Court will consider Starling's objections as timely filed.

not filed objections and the time of filing objections has past.  For the reasons that follow, Berryman and Starling's objections will be overruled, the MJRR will be adopted, the motion for a TRO will be denied, and the motion to sever will be granted.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id.  The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

III.

As an initial matter, neither Berryman nor Starling object to the magistrate judge's

3

recommendation that the motion for a TRO be denied. The Court agrees with the magistrate judge. No further discussion is necessary.

Berryman and Starling object to the recommendation to sever. Their objections essentially repeat the arguments considered and rejected by the magistrate judge. As the magistrate judge carefully explained, while some of the plaintiffs' claims and arguments may be similar and require the testimony of the same witnesses, the factual circumstances are different and the related questions of law are different. Because of this, it is more appropriate to sever Starling and Mora and allow this case to proceed on only Berryman's claims. Starling and Mora are free to file separate cases if they chose.

Berryman also objects to the magistrate judge's recommendation that he pay the remaining portion of the filing fee. Berryman maintains he paid his share of the filing fee and says he need not pay any more. He is mistaken. When the complaint was filed, Berryman paid $116.66, which is slightly more than 1/3 of the $400.00 civil case filing fee. (Doc. 2). However, because the case will go forward with only Berryman as plaintiff, he is now responsible for the entire filing fee.

IV.

Accordingly, for the reasons stated above, Berryman's objections are OVERRULED. Starling's objections are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court. Plaintiffs' motion for a TRO is DENIED. Defendants' motion to sever is GRANTED. Mora and Starling are DISMISSED WITHOUT PREJUDICE.

Berryman shall submit the remainder of the filing fee, $283.34, within thirty (30)

4

days of the date of this order.

    SO ORDERED.

                                          <u>S/Avern Cohn</u>
                                          AVERN COHN
                                          UNITED STATES DISTRICT JUDGE

Dated: May 13, 2015