UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP BERRYMAN,

    Plaintiff,

v.    Case No. 14-12593

SCOTT FREED, R. VITTITOW, L.
ELKINS, EXELBY, N. CULBERSON,    HON. AVERN COHN
KEDRON, FAY TAYLOR, FRED FUNSTON,
RESZKE, ADRIANE NEFF, and
RUHL-ANDERSON,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 44)
AND
AMENDING ORDER DIRECTING PAYMENT OF THE FILING FEE FOR THIS ACTION (Doc. 10)
AND
DIRECTING PLAINTIFF WITHIN THIRTY (30) DAYS TO SUBMIT THE BALANCE OF THE FILING FEE OR FILE AN APPLICATION FOR PERMISSION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

I.

This is a prisoner civil rights case. On July 1, 2014, Philip Berryman, Charles Starling, and Daniel Mora, prisoners at the Saginaw Correctional Facility (SCF) at the time of their suit,[1] filed this action under 42 U.S.C. § 1983, 1985, and 1988, essentially claiming that defendants, employees of the Michigan Department of Corrections at SCF

---

[1] As the magistrate judge noted, Berryman is currently incarcerated at the Macomb Correctional Facility, Mora remains incarcerated at SCF, and Starling has been release on parole.

conspired against them against to violate their civil rights by issuing false and/or retaliatory misconduct tickets and destroying documents.  The matter was referred to a magistrate judge before whom defendants filed a motion to sever.  The magistrate judge recommended the motion be granted.  The Court, over objections by Berryman and Starling, agreed and granted the motion.  This left Berryman as the sole plaintiff.  As such, the Court directed him to pay the remainder of the filing fee.

Before the Court is Berryman's motion for reconsideration of the Court's ruling that he pay the remainder of the filing fee.  For the reasons that follow, the motion is GRANTED IN PART AND DENIED IN PART.  Berryman is correct that the filing fee for a prisoner case is $350.00, not $400.00, as stated in the Court's order.  Reconsideration is granted on this point.

However, that does not resolve the fee matter.  As will be explained, Berryman is still responsible for the balance of the filing fee which is $233.34.

II.

At the time the complaint was filed, Berryman paid a partial filing fee of $116.66, which is 1/3 of the $350.00 filing fee.  (Doc. 2).  Starling and Mora submitted applications to proceed without prepayment of the filing fees.  (Docs. 3, 4, 9).  On November 13, 2014, a magistrate judge issued an Order Directing Payment of the Filing Fee for this Action (Doc. 10).  The magistrate judge stated in relevant part:

> Because plaintiffs are prisoners, they must pay the full filing fee for this civil action. 28 U.S.C. § 1915(b)(1). When there are multiple prisoners as plaintiffs, each prisoner is "proportionally liable for any fees and costs that may be assessed. Thus, any fees and costs that the district court . . . may impose shall be equally divided among all the prisoners." In re Prison Litigation Reform Act, 105 F.3d 1131,1137-38 (6th Cir. 1997).
> There are three plaintiffs in this case, and the filing fee is $350.00.  Thus, two

plaintiffs must pay $116.67, and one plaintiff must pay $116.66. Plaintiff Philip W. Berryman has agreed to prepay his share of the filing fee. The Court therefore directs Berryman to pay $116.66 to the Clerk of this Court within thirty (30) days of the date of this order.[2]

The two remaining plaintiffs (Starling and Mora) shall pay $116.67 per person.  The Court must assess and, **if funds exist**, collect an initial partial filing fee consisting of twenty percent (20%) of the greater of (1) the average monthly deposits to Starling and Mora's trust fund accounts at the prison, or (2) the average monthly balance in their accounts for the preceding six months. 28 U.S.C. § 1915(b)(1). After Starling and Mora pay an initial partial filing fee, they must make monthly payments of twenty percent (20%) of the preceding month's income credited to their accounts at the prison. 28 U.S.C. § 1915(b)(2).

The Court ORDERS the Michigan Department of Corrections to: (1) withdraw or set aside an initial partial filing fee from plaintiff Charles S. Starling's and Daniel Mora's prison trust fund accounts; (2) forward these amounts to the Clerk of this Court within thirty (30) days of the date of this order; and (3) in subsequent months, or from time to time, forward to the Clerk of the Court payments of twenty percent (20%) of the preceding month's income credited to Starling's and Mora's respective accounts. The Court will notify the Department of Corrections when Starling and Mora have paid their share of the filing fee.

(Doc. 10 at p. 3-4) (emphasis added).

No payments were received from Starling or Mora's prison trust fund accounts. Presumably, this is because there were not sufficient funds in either trust fund account. Thus, to date a balance of $233.34 is remaining.

Starling and Mora are no longer plaintiffs in the case as they have been severed and dismissed without prejudice.  Thus, Berryman is responsible for the entire filing fee. See Montague v. Schofield, 2015 WL 1879590 (E.D. Tenn. Apr., 22, 2015) (assessing the full filing fee where the various plaintiffs claims were severed).

To this end, the Order Directing Payment of the Filing Fee for this Action (Doc. 10) is AMENDED.  The Clerk of Court shall cease forthwith in collecting any filing fees

---

[2] The Court later corrected this misstatement because Berryman had already paid his share.  See Doc. 26.

from either Starling or Mora.

Further, within thirty (30) days Berryman must either pay the balance of the filing fee in full or file an application to proceed without prepayment of the filing fee. If the application is granted, it would allow for the remaining filing fee to be withdrawn from his prison trust fund account with the payment of an initial partial filing fee and then in installments as described above.

SO ORDERED.

                                         S/Avern Cohn
                                         AVERN COHN
                                         UNITED STATES DISTRICT JUDGE

Dated: June 3, 2015

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 3, 2015, by electronic and/or ordinary mail.

                                         S/Sakne Chami

                                         Case Manager, (313) 234-5160