UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP BERRYMAN,

    Plaintiff,

v.                                                                                                    Case No. 14-12593

SCOTT FREED, R. VITTITOW, L.                                              HON. AVERN COHN
ELKINS, EXELBY, N. CULBERSON,
KEDRON, FAY TAYLOR, FRED FUNSTON,
RESZKE, ADRIANE NEFF, and
RUHL-ANDERSON,

    Defendants.
_____/

**ORDER**
**DENYING PLAINTIFF'S OBJECTIONS UNDER FED. R. CIV. P. 60(b) (Doc. 46)**
**AND**
**DENYING PLAINTIFF'S MOTION TO RECUSE/DISQUALIFY (Doc. 47)**

I. Introduction

This is a prisoner civil rights case. On July 1, 2014, Philip Berryman, Charles Starling, and Daniel Mora, prisoners at the Saginaw Correctional Facility (SCF) at the time of their suit,[1] filed this action under 42 U.S.C. § 1983, 1985, and 1988, essentially claiming that defendants, employees of the Michigan Department of Corrections at SCF conspired against them against to violate their civil rights by issuing false and/or retaliatory misconduct tickets and destroying documents. The matter was referred to a magistrate judge before whom defendants filed a motion to sever. (Doc. 30). The magistrate judge recommended the motion be granted. (Doc. 35). The Court, over

---

[1] Berryman is currently incarcerated at the Macomb Correctional Facility, Mora remains incarcerated at SCF, and Starling has been release on parole.

objections by Berryman and Starling, see Docs. 37, 38, 39, agreed and granted the motion. Starling and Mora's claims were then severed and they were dismissed from the case. This left Berryman as the sole plaintiff. As such, the Court, as recommended by the magistrate judge, directed him to pay the remainder of the filing fee. (Doc. 42).

Berryman then filed a motion for reconsideration of the Court's ruling that he pay the remainder of the filing fee. (Doc. 44) The Court granted in part and denied in part the motion, stating that Berryman was correct that the filing fee for a prisoner case is $350.00 but that Berryman is still responsible for the balance of the filing fee which was $233.34 because neither of the severed plaintiffs, Starling or Mora, had paid any portion of the filing fee and had been dismissed. (Doc. 45).

Berryman then filed the following:

1. Objections to the Court's order on reconsideration under Fed. R. Civ. P. 60(b)(6)
2. A motion to recuse/disqualify

For the reasons that follow, the motions are DENIED.

## II. Objection - Rule 60(b)

Berryman moves for relief under Rule 60(b). Under this rule, a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior

judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

Berryman relies on 60(b)(6). He has not satisfied this standard. He continues to argue that he should only be responsible for the partial share of the filing fee. He points to prior orders in this case which contemplated fee sharing among the plaintiffs, arguing that the Court must adhere to the fee sharing. He is mistaken. While there is authority for a filing fee to be shared among prisoner plaintiffs, see In re Prison Litigation Reform Act, 105 F.3d 1131 (6th Cir. 1997), Berryman is now the sole plaintiff. As the Court explained in its order on reconsideration, there is authority for assessing the full filing fee against Berryman where, as here, the claims of the other plaintiffs have been severed and they have been dismissed from the case. This is appropriate because permitting Berryman to proceed in this case with payment of only 1/3 of the filing fee runs counter to the purpose behind the enactment of the Prison Litigation Reform Act "to deter frivolous and vexatious prisoner civil litigation by exposing prisoners to the same financial risks and considerations faced by other litigants." In re Alea, 286 F.3d 378, 380 (6th Cir. 2001). As such, there is no reason to alter the Court's conclusion regarding Berryman's obligation to pay the full filing fee under the circumstances.

### III. Recusal/Disqualification

Berryman has also moved to recuse or disqualify the undersigned and the magistrate judge. Disqualification under either 28 U.S.C. § 455 or § 144 must be predicated "upon extrajudicial conduct rather than on judicial conduct," and upon "a personal bias as distinguished from judicial one, arising out of the judge's background

and association and not from the judge's view of the law." Id. at 1303-04 (quotations and citations omitted).  Section 455 provides that a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  It is well-settled that adverse rulings during the course of proceedings are not by themselves sufficient to establish bias or prejudice which will disqualify the presiding judge.  See Knapp v. Kinsey, 232 F.2d 458, 466 (6th Cir. 1956); see also City of Cleveland v. Krupansky, 619 F.2d 576, 578 (6th Cir. 1980).

Here, Berryman has not demonstrated any of the factors requiring disqualification as provided by federal statute.  Construed in the most liberal light, Berryman argues that the undersigned and the magistrate judge must be disqualified because he disagrees with the ruling on his payment of the filing fee.  Berryman has not shown that the undersigned or the magistrate judge harbors "any personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding...." 28 U.S.C. § 455(b)(1).  Berryman has not referred to any extrajudicial conduct arising out of the undersigned or the magistrate judge's background and associations.  Therefore, Berryman has not presented a factual basis to support a motion under Section 455.  The motion is without merit.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:   June 30, 2015
             Detroit, Michigan

4