UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP BERRYMAN,

    Plaintiff,

v.                                Case No. 14-12593

SCOTT FREED, R. VITTITOW, L.      HON. AVERN COHN
ELKINS, EXELBY, N. CULBERSON,
KEDRON, FAY TAYLOR, FRED FUNSTON,
RESZKE, ADRIANE NEFF, and
RUHL-ANDERSON,

    Defendants.

_____/

**ORDER
DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND/OR MOTION TO
REOPEN PURSUANT TO FED. R. CIV. P. 60(b) AND FOR EVIDENTIARY
HEARNING OF THE COURT'S JUNE 30, 2015 oRDER DENYING PLAINTIFF'S
OBJECTION UNDER FED. R. CIV. P. 60(b) AND PLAINTIFF'S MOTION TO
DISQUALIFY (Doc. 49)**

I.

This is a prisoner civil rights case. On July 1, 2014, Philip Berryman, Charles Starling, and Daniel Mora, prisoners at the Saginaw Correctional Facility (SCF) at the time of their suit,[1] filed this action under 42 U.S.C. § 1983, 1985, and 1988, essentially claiming that defendants, employees of the Michigan Department of Corrections at SCF conspired against them against to violate their civil rights by issuing false and/or retaliatory misconduct tickets and destroying documents. The matter was referred to a

---

[1] Berryman is currently incarcerated at the Macomb Correctional Facility, Mora remains incarcerated at SCF, and Starling has been release on parole.

magistrate judge.

Before the Court is Berryman's motion for reconsideration and for an evidentiary hearing regarding the denial of his motion to disqualify. For the reasons that follow, the motion is DENIED.

II.

Some background is in order to explain the posture of the instant motion. After service, defendants filed a motion to sever the plaintiffs. (Doc. 30). The magistrate judge recommended the motion be granted. (Doc. 35). The Court, over objections by only Berryman and Starling, see Docs. 37, 38, 39, agreed and granted the motion. Starling and Mora's claims were then severed and they were dismissed from the case. This left Berryman as the sole plaintiff. As such, the Court, as recommended by the magistrate judge, directed him to pay the remainder of the filing fee. (Doc. 42).

Berryman then filed a motion for reconsideration of the Court's ruling that he pay the remainder of the filing fee. (Doc. 44) The Court granted in part and denied in part the motion, stating that Berryman was correct that the filing fee for a prisoner case is $350.00 but that Berryman is still responsible for the balance of the filing fee which was $233.34 because neither of the severed plaintiffs, Starling or Mora, had paid any portion of the filing fee and had been dismissed. (Doc. 45).

Berryman then filed (1) Objections to the Court's order on reconsideration under Fed. R. Civ. P. 60(b)(6) (Doc.46) and a motion to recuse/disqualify the undersigned and the magistrate judge (Doc. 47). The Court denied both motions. As to the objection/60(b) motion, the Court again explained that because Berryman is now the sole plaintiff, he must pay the remainder of the filing fee. As to the motion to disqualify,

the Court found that Berryman failed to show that the undersigned or the magistrate judge harbor any bias against him or engaged in extrajudicial conduct prejudicial to him.

Berryman has now filed the instant motion styled:

MOTION FOR RECONSIDERATION AND/OR MOTION TO REOPEN UNDER FED. R. 60(b)(1)(3) AND FOR EVIDENTIARY HEARING OF THE COURT'S JUNE 30, 2015 ORDER DENYING PLAINTIFF'S OBJECTIONS UNDER FED. R. 60(b) AND PLAINTIFF'S MOTION TO DISQUALIFY JUDGE COHN AND MAGISTRATE MAJZOUB

Essentially, Berryman seeks reconsideration of the Court's order denying his Rule 60(b) motion in which he objected having to pay the full filing fee and seeks an evidentiary hearing on this motion to disqualify. Neither request has merit.

III.

As to reconsideration, E.D. Mich LR 7.1(h)(3) provides in relevant part:

Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. Witzke v. Hiller, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Berryman has not satisfied this standard. He continues to argue that he should not be responsible for payment of the remainder of the filing fee. The Court has already concluded that he must pay the remainder of the filing fee and explained its reasons.[2]

---

[2]The Court notes that Berryman has not requested permission to proceeding in forma pauperis. This is likely because he has had more than three prior prisoner civil rights cases dismissed as frivolous. Indeed, a search of the district's electronic case records shows that Berryman has been a prolific filer, having filed multiple prior prisoner civil rights cases. As such, he is subject to the three strikes provision of the Prisoner

3

Berryman's motion presents the same arguments previously considered and rejected by the Court. Reconsideration is not warranted.

Regarding Berryman's request for an evidentiary hearing on his motion for recusal, he continues to contend that the undersigned and magistrate judge are biased because of the ruling that he pay the remainder of the filing fee. This is not grounds for recusal nor does is merit an evidentiary hearing.

SO ORDERED.

Dated: January 26, 2016
Detroit, Michigan

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

---

Litigation Reform Act which limits a prisoner's ability to proceed in forma pauperis.