## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**PHILLIP BERRYMAN,**

      **Plaintiff,**                  **CIVIL ACTION NO. 14-CV-12593**

**vs.**                              **DISTRICT JUDGE AVERN COHN**

                                     **MAGISTRATE JUDGE MONA K. MAJZOUB**

**SCOTTY FREED,** *et al.,*

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiffs Philip Berryman,[1] a prisoner at the Saginaw Correctional Facility at the time of his suit, filed this action under 42 U.S.C. §§ 1983, 1985, and 1988 against Defendants Scott Freed, R. Vittitow, L. Elkins, Exelby, N. Culberson, Kedron, Fay Taylor, Fred Funston, Reszke, Adriane Neff, and Ruhl-Anderson alleging that Defendants conspired to retaliate against Plaintiff in violation of his "right to substantive due process under the First and Fourteenth Amendments," his "right to procedural due process rights under the Fourteenth Amendment, his "rights to due process and a fair trial under the Fifth and Sixth Amendments," his "rights to due process and a fair hearing/trial under the First, Fifth and Sixth Amendments," and his "right against continued seizure without probable cause under the Fourth Amendment." (*See* docket no. 1.) Plaintiff seeks compensatory damages, punitive damages, and any other relief that the Court deems appropriate.

Before the Court are Plaintiff's Motion to Compel (docket no. 57); Defendants Freed,

---

[1] Plaintiff was originally joined by two additional plaintiffs, but the Court has severed Plaintiffs' claims and dismissed the two other plaintiffs from this action. (Docket no. 42.)

Vittitow, Elkins, Exelby, Culberson, Taylor, Funston, Reszke, and Ruhl-Andersons' Motion to Dismiss (docket no. 58); and Plaintiff's Motion for Sanctions (docket no. 62).[2]  Defendant Neff filed a Notice of Joinder/Concurrence in the other Defendants' Motion to Dismiss.  (Docket no. 59.)  The Parties have filed Responses and Replies to the outstanding motions.  (Docket nos. 60, 61, and 63.)  All pretrial matters have been referred to the undersigned for consideration.  (Docket no. 27.)  The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.[3]

## I.      Recommendation

The undersigned recommends granting Defendants' Motion to Dismiss (docket no. 58). The Court should, however, give Plaintiff 30 days to pay his filing fee to avoid dismissal.  If the Court adopts this recommendation and Plaintiff's claims are ultimately dismissed, the Court should dismiss this case in its entirety and deny Plaintiff's outstanding Motions (docket nos. 57 and 62) and Defendant Neff's Motion for Summary Judgment (docket no. 54) as moot.  If the Court rejects this recommendation, or if Plaintiff pays his filing fee, the Court should deny Plaintiff's Motion to Compel (docket no. 57) as moot for other reasons as discussed herein, deny his Motion for Sanctions (docket no. 62) for the reasons discussed herein, and reserve ruling on Defendant Neff's Motion for Summary Judgment (docket no. 64).

## II.     Report

---

[2] Also pending is Defendant Neff's Motion for Summary Judgment.  (Docket no. 64.) Due to the current procedural posture of this case and the recommendation herein, the undersigned will reserve entering a report and recommendation on Defendant Neff's Motion for Summary Judgment.

[3] Because Plaintiff's Motion to Compel and his Motion for Sanctions are procedurally intertwined with Defendants' Motion to Dismiss, the undersigned has addressed Plaintiff's Motions herein rather than through a separate Opinion and Order.

### A.     Factual Background

Plaintiff Berryman alleges that Defendants' retaliatory conduct began in December 2010 while he was housed at the Cotton Correctional Facility.   Plaintiff alleges that he filed grievances against a healthcare provider at the prison and that "her Homosexual Partner," Defendant Neff, retaliated by falsely claiming that Plaintiff Berryman had assaulted her, which led to a Misconduct Ticket.   Plaintiff alleges that his hearings on the matter were rushed and that he was then transferred to the Lakeland Correctional Facility without having an opportunity to prove his innocence.   (Docket no. 1 at 19.)   Plaintiff contends that he attempted to get information concerning Defendant Neff's mental stability and that he wrote letters to the Jackson County Prosecutor's Office and the Michigan State Police without any response.   (*Id.*)

Plaintiff Berryman further alleges that while he was incarcerated at the Lakeland Correctional Facility, he received 15 false Major Misconduct Tickets from Defendant Elkins and that he was told she "knew about what he had done at the Cotton facility."   (*Id.*)   At some point, though, non-party Captain Thomas took Plaintiff to see Defendant Elkins and told her to stop writing the tickets, but she said that she was "told to write the tickets, by her supervisor D. Smith." (*Id.*)   The tickets from Defendant Elkins stopped, but Plaintiff then started being charged with complaints from D. Smith.   (*Id.* at 20.)   Plaintiff was ultimately informed by non-party RUM G. Paul that Plaintiff was going to be transferred because of all of his grievances and other complaints.   (*Id.*)

On June 11, 2013, Plaintiff Berryman was transferred to the Saginaw Correctional Facility. Plaintiff alleges that at that time, he was given a drug test, "which shown negative for drugs," but he was given a Major Misconduct Ticket for Substance Abuse and Other.   (*Id.* at 20-21.)

Plaintiff alleges that Defendants Freed and Neff denied him access to documents that would prove his innocence and that they further told him that staff at SRF would not put up with him constantly filing grievances like he did at Lakeland and Cotton.   (*Id.* at 21.)   He alleges that Defendants then found him guilty of the Major Misconduct, which resulted in a permanent loss of his visiting privileges.  (*Id.*)

Plaintiff Berryman alleges that later that night, Defendant Ruhl-Anderson allowed another prisoner to steal his property, so Plaintiff filed a grievance.   He claims that Defendant Taylor then refused to order inkjet cartridges for his word processor and stopped a word-processor-repair claim, which Plaintiff had attempted to send to a previously approved vendor.  (*Id.*)   And he alleges that Defendant Taylor refused to remit a filing fee to federal court for a case in the Western District of Michigan, which resulted in his inability to receive proper Kosher meals.   (*Id.* at 22.)

Plaintiff Berryman also alleges that Defendant Ruhl-Anderson claimed that she found contraband in Plaintiff's area, which Plaintiff claims were hobbycraft popsicle sticks, but Defendant Culberson still found him guilty of the ticket "because she had to rely on the (other) officers to protect her while she was at work."  (*Id.*)   Plaintiff claims that Defendant Ruhl-Anderson told him to "file another grievance on me" if Plaintiff believed the ticket was improper.  (*Id.*)

Finally, Plaintiff Berryman alleges that on May 5, 2014, Defendant Funston came to his room told him he was "the inspector" and that he was there "to check [Plaintiff's] legal materials at the request of AGA Kummer regarding a lawsuit you have with a prisoner Connor's (sic)."   (*Id.* at 23.)   Plaintiff alleges that Defendant Funston took his word processor and floppy disks with all of his legal materials on them.  (*Id.*)

4

B.     **Procedural Background**

As noted, Plaintiff initially filed his Complaint with two co-plaintiffs, Charles Starling and Daniel Mora.   (Docket no. 1.)   At the time, the Court permitted Starling and Mora to proceed without prepayment of fees, ordering that each of them would ultimately be responsible for 1/3 of the $350.00 filing fee.   (Docket no. 10.)   Plaintiff did not request to proceed without prepayment of fees, so he was ordered to pay 1/3 of the filing fee within 30 days.   (*Id.*)

On a motion by Defendants, the Court found that the three plaintiffs' claims had been improperly joined; thus, the Court severed the claims and dismissed Starling and Mora from this action, giving them leave to file separate claims at their discretion.   (Docket no. 42 at 4.)   The Court also ordered Plaintiff Berryman to pay the remainder of the filing fee.   (*Id.*)   And although the Court initially noted that the full filing fee was $400.00, the Court has since corrected this error.   (Docket no. 45.)   Plaintiff's filing fee was due on July 3, 2015.   (*See id.*)

Since that time, the Court has dealt with a myriad of objections and motions filed by Plaintiff, including motions for reconsideration, motions to recuse, and motions to reconsider the motions to recuse.   (*See* docket nos. 44, 46, 47, and 49.)   The crux of Plaintiff's continued argument is that once Starling and Mora were required to pay their portion of the filing fee, the Court could no longer require him to pay the entire fee, even if Starling and Mora were dismissed from the case before they paid their share; moreover, Plaintiff contends, the judges in this matter are biased for entering such an order.   The Court has overruled all of Plaintiff's objections and denied his motions.   (Docket nos. 48 and 56.)

In the meantime, having ordered service on the only remaining defendant in this matter, the Court entered a scheduling order.   (Docket no. 51.)   Pursuant to that order, Plaintiff served

discovery requests on Defendant Neff.   When Defendant Neff did not respond, Plaintiff filed his instant Motion to Compel.   (Docket no. 57.)   Defendant Neff then sent responses to Plaintiff's discovery requests on the same day that she filed her Response to Plaintiff's Motion.   (*See* docket no. 60.)   Plaintiff then filed his instant Motion for Sanctions, arguing that Defendant Neff's attorney violated Fed. R. Civ. P. 11.   (Docket no. 62.)

The other Defendants, however, filed their instant Motion to Dismiss.   (Docket no. 58.) Through their Motion, they argue that Plaintiff's Complaint should be dismissed because he has still failed to pay the applicable filing fee.   Defendant Neff has joined in this motion.   (Docket no. 59.)   In the alternative, they argue, the Court should adjourn the scheduling order and stay this matter until Plaintiff pays his filing fee.   Notably, Plaintiff has filed an action with the U.S. Court of Appeals for the Sixth Circuit seeking a writ of mandamus related to the filing-fee issue.   *See In re: Philip Berryman*, No. 16-1039 (6th Cir., Jan. 14, 2016.)

### C.   Analysis

#### 1.   Defendants' Motion to Dismiss [58]

Defendants argue that the Court should dismiss Plaintiff's claims under Fed. R. Civ. P. 41(b) for failure to comply with the Court's Order requiring that Plaintiff pay the applicable filing fee within 30 days of its June 3, 2015 Order and under E.D. Mich. L.R. 41.2 for failure to prosecute.   (Docket no. 58 at 8-9.)   While the undersigned does not find that Plaintiff has failed to prosecute this matter, Plaintiff's claims should be dismissed for failure to comply with the Court's order.

Rule 41(b) of the Federal Rules of Civil Procedure gives a court authority to dismiss a case on motion if "the plaintiff fails to prosecute or to comply with these rules or a court order . . . ."

6

Fed. R. Civ. P. 41(b).   A dismissal under Rule 41(b) operates as an adjudication on the merits. (*Id.*)   The court should consider the following factors before dismissing an action under Rule 41(b): "(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998).   Plaintiff in this matter has been repeatedly informed that he must pay the required filing fee before he can proceed in this matter.   Having been warned repeatedly, Plaintiff continues to ignore the Court's order.   Moreover, to the extent Defendants must continually respond to Plaintiff's motions and discovery requests or continue to make motions on their own behalf, Defendants are prejudiced by the need to defend a case where Plaintiff has not yet paid the appropriate filing fee.   Plaintiff has filed a Response to Defendants' Motion, but he merely rehashes the same arguments that he has made in all of his previous objections and motions; thus, his argument is unpersuasive.

To the extent Plaintiff has an outstanding case with the Sixth Circuit regarding the filing-fee issue, Plaintiff's writ of mandamus was not filed as an appeal of the Court's ruling. Moreover, the Court's order was not a final order appealable under 28 U.S.C. § 1291, an interlocutory order appealable under 28 U.S.C. § 1292, or an order for which the Court has granted Plaintiff leave to appeal.   Thus, the Court should not consider the status of Plaintiff's Sixth Circuit filings when deciding this matter.

For these reasons, the Court should dismiss Plaintiff's claims for failure to comply with the Court's order.   Nevertheless, the Court should give Plaintiff an additional 30 days to pay his filing

7

fee so that Plaintiff is properly warned that failure to comply will result in dismissal of his claims.

### 2.      Plaintiff's Motion to Compel [57]

As noted herein, the Court should deny Plaintiff's Motion to Compel as moot if Plaintiff's claims are dismissed.   Nevertheless, even if Plaintiff pays his filing fee, his Motion to Compel is moot for other reasons.   Through his Motion, Plaintiff asks that the Court compel Defendant Neff to answer Plaintiff's First Set of Interrogatories, served on her November 10, 2015.   (Docket no. 57 at 1.)  Defendant Neff acknowledges that she failed to respond in a timely manner, but she served Plaintiff with responses to his interrogatories on February 5, 2016, the same day that she filed her Response to Plaintiff's Motion.   (Docket no. 60.)   While Plaintiff takes issue with the form of Defendant Neff's Response (discussed further herein), his Motion is moot to the extent that he seeks information that has already been provided.   Therefore, Plaintiff's Motion to Compel should be denied.

### 3.      Plaintiff's Motion for Sanctions [62]

Again, as noted, the Court should deny Plaintiff's Motion for Sanctions as moot if Plaintiff's claims are dismissed.   If, however, Plaintiff pays his filing fee, the Court should deny his Motion for Sanctions on substantive grounds.   Through his Motion, Plaintiff argues that Defendant Neff's attorney has "violated Rule 11(b)(1) repeatedly."   (Docket no. 62 at 1.) Specifically, Plaintiff argues that he (1) intentionally misdirected pleadings to the wrong judges in an attempt to cause unnecessary delay; and (2) lied to the Court in his Response to Plaintiff's Motion to Compel when he stated that had "*already* served full responses to Plaintiff's First Interrogatories" when he served the responses concurrently.   (*Id.* at 1-5.)

Rule 11(a), provides that every pleading and other paper must be signed by at least one

attorney of record or by a party if that party is unrepresented.    Fed. R. Civ. P. 11(a).   Subsection

(b) states that by presenting to the court such a pleading or paper, the attorney or *pro se* party

certifies that to the best of his knowledge, information, and belief, formed after an inquiry

reasonable under the circumstances, the paper is not being presented for any improper purpose,

such as to harass.   Fed. R. Civ. P. 11(b)(1).   Defense counsel's filings do not violate this rule.

The undersigned acknowledges that the judges' names included in the caption of Defendant Neff's

Response to Plaintiff's Motion to Compel were incorrect.   (*See* docket no. 60.)   As Defense

counsel argues, though, this appears to have been a clerical error; moreover, because the

appropriate case numbers were included and the document was filed through the Court's electronic

filing system, no delay occurred.   And with regard to the language related to the service of

discovery responses, Defense counsel was merely implying that by the time the Court received

Defendant's response and ruled on the Motion, no court intervention would be necessary.

Counsel did not attempt to hide the date of the response or imply that the discovery responses had

been timely.

More importantly, though, even if counsel's conduct had arguably violated Rule 11, Rule

11(c)(2) provides that a motion for sanctions must be made separately from any other motion and

must describe the specific conduct that allegedly violates Rule 11(b).   Fed. R. Civ. P. 11(c)(1).

In addition, the "motion must be served under Rule 5, *but it must not be filed or be presented to the*

*court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately*

*corrected within 21 days after service or within another time the court sets*."    Fed. R. Civ. P.

11(c)(2) (emphasis added).   The Sixth Circuit has held that "sanctions under Rule 11 are

unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one

day 'safe harbor' period before it is filed with or presented to the court; this service and filing must occur prior to final judgment or judicial rejection of the offending contention." *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997). Because Plaintiff did not comply with the safe-harbor rule, his motion should be denied.

###        D.        Conclusion

For the reasons stated above, the undersigned recommends granting Defendants' Motion to Dismiss (docket no. 58). The Court should, however, give Plaintiff 30 days to pay his filing fee to avoid dismissal. If the Court adopts this recommendation and Plaintiff's claims are ultimately dismissed, the Court should dismiss this case in its entirety and deny Plaintiff's outstanding Motions (docket nos. 57 and 62) and Defendant Neff's Motion for Summary Judgment (docket no. 54) as moot. If the Court rejects this recommendation, or if Plaintiff pays his filing fee, the Court should deny Plaintiff's Motion to Compel (docket no. 57) as moot for other reasons as discussed herein, deny his Motion for Sanctions (docket no. 62) for the reasons discussed herein, and reserve ruling on Defendant Neff's Motion for Summary Judgment (docket no. 64).

## III.    Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report

and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:   May 12, 2016                         s/ Mona K. Majzoub
                                              MONA K. MAJZOUB
                                              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served on counsel of record and on Plaintiff Philip Berryman on this date.

Dated:   May 12, 2016                         s/ Lisa C. Bartlett
                                              Case Manager