UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP BERRYMAN,

    Plaintiffs,

v.                                        Case No. 14-12593

SCOTT FREED, R. VITTITOW, L.            HON. AVERN COHN
ELKINS, EXELBY, N. CULBERSON,
KEDRON, FAY TAYLOR, FRED FUNSTON,
RESZKE, ADRIANE NEFF, and
RUHL-ANDERSON,

    Defendants.
_____/

## ORDER
## OVERRULING PLAINTIFF's OBJECTIONS (Doc. 69)
## AND
## ADOPTING REPORT AND RECOMMENDATION (Doc. 68)
## AND
## DIRECTING PLAINTIFF TO PAY THE REMAINING FILING FEE WITHIN THIRTY (30) DAYS OR THE CASE WILL BE DISMISSED

I.

This is a prisoner civil rights case. Plaintiff Philip Berryman[1] filed this action under 42 U.S.C. § 1983, 1985, and 1988, essentially claiming that defendants, employees of the Michigan Department of Corrections conspired against him against to violate his civil rights by issuing false and/or retaliatory misconduct tickets and destroying documents. Defendants are: Scott Freed, R. Vittitow, L. Elkins, Exelby, N. Culberson, Kedron, Fay Taylor, Fred Funston, Reszke, Adriane Neff, and

---

[1] Plaintiff was originally joined by Charles Starling and Daniel Mora. The Court, adopting the magistrate judges's report and recommendation, severed plaintiff's claims and dismissed Starling and Mora. See Doc. 42.

Ruhl-Anderson. Plaintiff claims violations of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments. Plaintiff seeks compensatory damages, punitive damages, and any other relief that the Court deems appropriate.

The matter was referred to a magistrate judge for pretrial proceedings, (Doc. 27), and before whom the following motions were filed:

Plaintiff's motion to compel (Doc. 57)

Defendants' motion to dismiss (Docs. 58, 59)[2]

Plaintiff's motion for sanctions (Doc. 59).

The magistrate judge issued a report and recommendation (MJRR), recommending that defendants' motion be granted on the grounds that plaintiff failed to comply the Court's prior order directing him to pay the remainder of the filing fee, see Docs. 42, 45. However, the magistrate judge also recommended that plaintiff be allowed thirty (30) days in which to pay the remainder of the filing fee to avoid dismissal. The magistrate judge also recommends that if plaintiff pays the fee, that plaintiff's motion to compel and motion for sanctions be denied.

Before the Court are plaintiff's objections to the MJRR. For the reasons that follow, plaintiff's objections will be overruled and the MJRR will be adopted.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The

---

[2]Defendants seeks dismissal based on plaintiff's failure to comply with the Court's prior orders directing him to pay the remainder of the filing fee and for failure to prosecute.

2

district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

III.

The Court has reviewed plaintiff's objections. Plaintiff continues to object to the Court's ruling that once the other two plaintiffs, Starling and Mora, were severed and dismissed, that plaintiff became responsible for the remainder of the filing fee. He maintains that once Starling and Mora were required to pay their portion of the filing fee, the Court could not require plaintiff to pay the entire fee even where Starling and Mora were dismissed before paying their share. The magistrate judge and the Court have rejected this argument. See Docs. 35, 42, 45, 48, 56. Plaintiff's objections simply

repeat this argument.[3]  As such, they lack merit.

IV.

For the reasons stated above, plaintiff's objections are OVERRULED.  The MJRR is ADOPTED as the findings and conclusions of the Court.  Plaintiff shall within thirty (30) days pay the balance of the filing fee which is $233.84.  If plaintiff fails to pay the fee, the case will be dismissed under Fed. R. Civ. P. 41(b) and plaintiff's motion to compel and motion for sanctions will be denied as moot as recommended by the magistrate judge.  If plaintiff pays the fee, the Court will issue a separate decision on the magistrate judge's recommendation on plaintiff's discovery motions.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: June 7, 2016

Detroit, Michigan

---

[3] Plaintiff filed a petition for a writ of mandamus in the Court of Appeals for the Sixth Circuit, asking that the Court be ordered to reverse its fee ruling and that the magistrate judge and undersigned be recused.  The Sixth Circuit recently denied the petition. See In re: Phillip Berryman, No. 16-1039 (6th Cir. June 2, 2016).

4