UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP BERRYMAN,

    Plaintiffs,

v.                                            Case No. 14-12593

SCOTT FREED, R. VITTITOW, L.           HON. AVERN COHN
ELKINS, EXELBY, N. CULBERSON,
KEDRON, FAY TAYLOR, FRED FUNSTON,
RESZKE, ADRIANE NEFF, and
RUHL-ANDERSON,

    Defendants.

_____/

**ORDER
ADOPTING REPORT AND RECOMMENDATION (Doc. 68)
AND
DENYING PLAINTIFF'S MOTION TO COMPEL (Doc. 57)
AND
DENYING PLAINTIFF'S MOTION FOR SANCTIONS (Doc. 62)**

I.

This is a prisoner civil rights case. Plaintiff Philip Berryman[1] filed this action under 42 U.S.C. § 1983, 1985, and 1988, essentially claiming that defendants, employees of the Michigan Department of Corrections conspired to violate his civil rights by issuing false and/or retaliatory misconduct tickets and destroying documents relating to him. Defendants are: Scott Freed, R. Vittitow, L. Elkins, Exelby, N. Culberson, Kedron, Fay Taylor, Fred Funston, Reszke, Adriane Neff, and

---

[1] Plaintiff was originally joined by Charles Starling and Daniel Mora. The Court, adopting the magistrate judges's report and recommendation, severed plaintiff's claims and dismissed Starling and Mora. See Doc. 42.

Ruhl-Anderson.  Plaintiff claims violations of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments.  Plaintiff seeks compensatory damages, punitive damages, and any other relief that the Court deems appropriate.

The matter was referred to a magistrate judge for pretrial proceedings, (Doc. 27), and before whom the following motions were filed:

Plaintiff's motion to compel (Doc. 57)

Defendants' motion to dismiss (Docs. 58, 59)[2]

Plaintiff's motion for sanctions (Doc. 59).

The magistrate judge issued a report and recommendation (MJRR), recommending that defendants' motion be granted on the grounds that plaintiff failed to comply the Court's prior order directing him to pay the remainder of the filing fee, see Docs. 42, 45. However, the magistrate judge also recommended that plaintiff be allowed thirty (30) days in which to pay the remainder of the filing fee to avoid dismissal.  The magistrate judge also recommended that if plaintiff pays the fee, that plaintiff's motion to compel and motion for sanctions be denied.

Plaintiff objected to the MJRR, arguing that he should not have to pay the remainder of the filing fee.  (Doc. 69).  The Court overruled the objections and directed plaintiff to pay the filing fee within 30 days or the case would be dismissed.  (Doc. 72). The Court also said that if plaintiff paid the filing fee, it would separately consider the magistrate judge's recommendation on plaintiff's discovery motions.

---

[2]Defendants sought dismissal based on plaintiff's failure to comply with the Court's prior orders directing him to pay the remainder of the filing fee and for failure to prosecute.

2

Plaintiff has paid the filing fee. <u>See</u> text docket entry of July 19, 2016.[3]

The Court will now consider the magistrate judge's recommendation on plaintiff's motion to compel and motion for sanctions. The magistrate judge recommends that the motions be denied because plaintiff received the requested discovery and sanctions are not warranted. <u>See</u> MJRR, Doc. 68 at p. 8-9. Putting aside that plaintiff has not objected to the MJRR, the Court agrees with the magistrate judge that plaintiff is not entitled to relief on either motion.

Accordingly, the MJRR is ADOPTED. Plaintiff's motion to compel and motion for sanctions are DENIED AS MOOT.[4]

SO ORDERED.

<u>S/Avern Cohn</u>
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: August 31, 2016

Detroit, Michigan

---

[3] Plaintiff filed a motion for extension of time in which to pay the remainder of the filing fee. (Doc. 74). Because plaintiff has now paid the filing fee, this motion is MOOT.

[4] Also pending before the magistrate judge are defendants' motion for summary judgment (Doc. 64) and plaintiff's motion to disqualify (Doc. 73).