UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PHILIP BERRYMAN,**

    Plaintiff,                        CIVIL ACTION NO. 14-CV-12593

vs.                                  DISTRICT JUDGE AVERN COHN

                                  MAGISTRATE JUDGE MONA K. MAJZOUB

**SCOTTY FREED,** *et al.*,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISQUALIFY [73]

Plaintiff Philip Berryman,[1] a prisoner at the Saginaw Correctional Facility at the time of his suit, filed this action under 42 U.S.C. §§ 1983, 1985, and 1988 against Defendants Scott Freed, Russell Vittitow, Leona Elkins, Michael Exelby, Nannie Culberson, Karen Kedron, Fay Taylor, Fred Funston, Kristopher Reszke, Adriane Neff, and Margaret Ruhl-Anderson alleging that Defendants conspired to retaliate against Plaintiff in violation of his "right to substantive due process under the First and Fourteenth Amendments," his "right to procedural due process rights under the Fourteenth Amendment, his "rights to due process and a fair trial under the Fifth and Sixth Amendments," his "rights to due process and a fair hearing/trial under the First, Fifth and Sixth Amendments," and his "right against continued seizure without probable cause under the Fourth Amendment."  (*See* docket no. 1.)  Plaintiff seeks compensatory damages, punitive damages, and any other relief that the Court deems appropriate.

Before the Court is Plaintiff's "Motion to Disqualify Magistrate Judge Mona K. Majzoub."

---

[1] Plaintiff was originally joined by two additional plaintiffs, but the Court has severed Plaintiffs' claims and dismissed the two other plaintiffs from this action.  (Docket no. 42.)

1

(Docket no. 73.)  Defendants have not responded to the Motion.  All pretrial matters have been referred to the undersigned for consideration.  (Docket no. 27.)  The undersigned has reviewed the pleading and dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2).

This is the second Motion to Disqualify Plaintiff has filed in this case.  (*See* docket nos. 46, 73.)  The currently pending Motion to Disqualify, like the first one, relates to the payment of Plaintiff's filing fee.  As noted, Plaintiff initially filed his Complaint with two co-plaintiffs, Charles Starling and Daniel Mora.  (Docket no. 1.)  At the time, Starling and Mora were permitted to proceed without prepayment of fees, but were ordered to each pay 1/3 of the $350.00 filing fee from their prison trust accounts over time, in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1).  (Docket no. 10 at 3-4.)  Plaintiff did not request to proceed without prepayment of fees, so he was ordered to pay 1/3 of the filing fee within 30 days.  (*Id.* at 3.)

Later, on motion by Defendants, the undersigned recommended that Starling and Mora's claims be severed from this action and dismissed without prejudice, based on a finding that the three plaintiffs' claims had been improperly joined.  (Docket no. 35 at 2, 5-8.)  As a result, the undersigned also recommended that Plaintiff be required to pay the full amount of the filing fee. (*Id.* at 7-8.)  Judge Cohn adopted these recommendations, and ordered Plaintiff to pay the balance of the filing fee within 30 days of entry of his order.  (Docket no. 42 at 4.)

In response, Plaintiff filed his first "Ex Parte Motion to Recuse/Disqualify . . . Judge Avern Cohn and Magistrate Judge Mona K. Majzoub."  (Docket no. 46.)  In that Motion, Plaintiff argues at length that the undersigned's recommendation that Plaintiff be required to pay the full filing fee "demonstrates . . . personal bias towards Plaintiff Berryman."  (Docket no. 46 at 1.)

Judge Cohn denied Plaintiff's Motion by Order entered June 30, 2015. (Docket no. 48.) The Order denying that Motion provides:

> Berryman has also moved to recuse or disqualify the undersigned and the magistrate judge. Disqualification under either 28 U.S.C. § 455 or § 144 must be predicated "upon extrajudicial conduct rather than on judicial conduct," and upon "a personal bias as distinguished from [a] judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Id.* at 1303-04 (quotations and citations omitted). Section 455 provides that a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). It is well-settled that adverse rulings during the course of proceedings are not by themselves sufficient to establish bias or prejudice which will disqualify the presiding judge. *See Knapp v. Kinsey*, 232 F.2d 458, 466 (6th Cir. 1956); *see also City of Cleveland v. Krupansky*, 619 F.2d 576, 578 (6th Cir. 1980).
>
> Here, Berryman has not demonstrated any of the factors requiring disqualification as provided by federal statute. Construed in the most liberal light, Berryman argues that the undersigned and the magistrate judge must be disqualified because he disagrees with the ruling on his payment of the filing fee. Berryman has not shown that the undersigned or the magistrate judge harbors "any personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ." 28 U.S.C. § 455(b)(1). Berryman has not referred to any extrajudicial conduct arising out of the undersigned or the magistrate judge's background and associations. Therefore, Berryman has not presented a factual basis to support a motion under Section 455. The motion is without merit.

(Docket no. 48 at 3-4.)

The currently pending Motion to Disqualify does not reference Judge Cohn, but otherwise does not differ in substance from the previous Motion to Disqualify. Plaintiff raises no new facts and asserts no additional grounds for recusal beyond those related to the payment of the filing fee. The undersigned therefore adopts Judge Cohn's well-reasoned analysis quoted above, and will deny Plaintiff's Motion to Disqualify. (Docket no. 73.)

In the Motion, Plaintiff also asks that the undersigned's "R&R be struck." (Docket no. 73 at 2.) Plaintiff fails to refer to any specific R&R; however, Judge Cohn has already overruled all

3

of Plaintiff's objections to each Report and Recommendation that the undersigned has issued in this case. (*See* docket nos. 35 & 42; 68 & 72.) And because this request is also procedurally improper, it will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Disqualify Magistrate Judge Mona K. Majzoub [73] is **DENIED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: January 19, 2017            s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served on counsel of record and on Plaintiff Philip Berryman on this date.

Dated: January 19, 2017            s/ Lisa C. Bartlett
                                   Case Manager