**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**PHILLIP BERRYMAN,**

    **Plaintiff,**                        **CIVIL ACTION NO. 14-CV-12593**

**vs.**                                      **DISTRICT JUDGE AVERN COHN**

                                          **MAGISTRATE JUDGE MONA K. MAJZOUB**

**SCOTTY FREED,** *et al.***,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Philip Berryman,[1] a prisoner at the Saginaw Correctional Facility at the time of his suit, filed this action under 42 U.S.C. §§ 1983, 1985, and 1988 against Defendants Scott Freed, Russell Vittitow, Leona Elkins, Michael Exelby, Nannie Culberson, Karen Kedron, Fay Taylor, Fred Funston, Kristopher Reszke, Adriane Neff, and Margaret Ruhl-Anderson, alleging that they conspired to retaliate against Plaintiff in violation of his "right to substantive due process under the First and Fourteenth Amendments," his "right to procedural due process rights under the Fourteenth Amendment, his "rights to due process and a fair trial under the Fifth and Sixth Amendments," his "rights to due process and a fair hearing/trial under the First, Fifth and Sixth Amendments," and his "right against continued seizure without probable cause under the Fourth Amendment." (*See* docket no. 1.) Plaintiff seeks compensatory damages, punitive damages, and any other relief that the Court deems appropriate.

Before the Court is Defendant Adriane Neff's Motion for Summary Judgment. (Docket

---

[1] Plaintiff was originally joined by two additional plaintiffs, but the Court has severed Plaintiffs' claims and dismissed the two other plaintiffs from this action. (Docket no. 42.)

1

no. 64.) Plaintiff filed a Response to the Motion (docket no. 65), and Defendant Neff filed a Reply (docket no. 66). Plaintiff then filed a Response to Defendant Neff's Reply.[2] (Docket no. 67.) All pretrial matters have been referred to the undersigned for consideration. (Docket no. 27.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

**I.     Recommendation**

For the reasons that follow, it is recommended that Defendant Neff's Motion for Summary Judgment (docket no. 64) be **GRANTED**, and that all claims against Defendant Neff be **DISMISSED**.

**II.    Report**

   **A. Background**[3]

Defendant Neff is a physician's assistant who worked for the Michigan Department of Corrections (MDOC) at the G. Robert Cotton Correctional Facility in Jackson, Michigan (JCF), from July 2009 until May 2013. (Docket no. 64-2 at 2.) Plaintiff's claims against Defendant Neff primarily relate to a medical procedure Defendant Neff attempted to perform on Plaintiff in December 2010, when Plaintiff was incarcerated at JCF. According to Defendant Neff, Plaintiff had an ingrown hair on his chin that became infected. Defendant Neff first prescribed antibiotics, but then decided that she should perform an incision and drainage (I&D) procedure. (Docket no. 64-2 at 2.) Defendant Neff claims that, during the procedure, Plaintiff reached up and grabbed

---

[2] Also pending before the Court is the MDOC Defendants' Motion for Summary Judgment (docket no. 78), which the undersigned will address at a later date.

[3] The undersigned only includes the factual and procedural history relevant to the issues raised by Defendant Neff's Motion for Summary Judgment and Plaintiff's responses.

her breast, which startled her and caused her to accidentally cut herself with a scalpel she was holding for the procedure. (*Id.* at 3.) Defendant Neff completed a misconduct report regarding the incident, and a hearing was held. (Docket no. 64-3.) Plaintiff was found guilty of sexual assault and assault and battery, and sentenced to 60 days of detention on December 16, 2010. (*Id.*)

Plaintiff claims that Defendant Neff fabricated the sexual assault story to retaliate against Plaintiff because Plaintiff had previously filed grievances against Defendant Neff's "Homosexual Lover." (Docket no. 1 at 29.) He also alleges that Defendant Neff's decision to perform the I&D was part of a plan to "Cut Plaintiff's Face trying to kill him," also in retaliation for Plaintiff's previously filed grievances. (*Id.*) Finally, Plaintiff alleges that Defendant Neff "and/or other Defendant members conspired together to overcome the intentional destruction/confiscation and denial of Plaintiff's records and files, by fabricating evidence, concealing impeaching and exculpatory evidence." (*Id.* at 34.)

Defendant Neff filed her Motion for Summary Judgment on March 23, 2016. (Docket no. 64.) She argues that Plaintiff's claims against her are barred by the statute of limitations and because Plaintiff did not exhaust his administrative remedies as is required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). She further argues that Plaintiff offers no support for his "utterly preposterous claim" that Defendant Neff fabricated the sexual assault, and that the conspiracy claim fails because Plaintiff does not attribute any specific wrongdoing to Defendant Neff. (Docket no. 64 at 17-21).

As explained below, the undersigned concludes that all claims against Defendant Neff are barred by the applicable statute of limitations. The other possible grounds for dismissal of

3

Plaintiff's claims against Defendant Neff are therefore not addressed in this Report and Recommendation.

### B. Governing Law

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915. A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Ultimately, a district court must determine whether the record as a whole presents a

4

genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike Cty. Bd. of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

**C.   Analysis**

Defendant Neff argues that she is entitled to summary judgment because the undisputed facts show that Plaintiff's claims against her are barred by the applicable statute of limitations. (Docket no. 64 at 19-20.)

A plaintiff must commence suit within the time prescribed under the applicable statute of limitations in order to avoid the statute of limitations bar. Plaintiff attempts to state claims against Defendant Neff under 42 U.S.C. §§ 1983 and 1985. Because 42 U.S.C. §§ 1983 and 1985 do not provide their own statutes of limitations, federal courts borrow the analogous limitations period from the forum state. *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). The Sixth Circuit has held that Michigan's three-year statute of limitations for general personal injury claims found in Mich. Comp. Laws § 600.5805(10) is the applicable statute of limitations for § 1983 claims. *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). Claims filed under 42 U.S.C. § 1985 are also subject to a three-year limitations period. *See Bates v. Colony Park Ass'n*, 393 F. Supp. 2d 578, 591 (E.D. Mich. 2005) (holding that state-law claims for conspiracy are subject to a three-year statute of limitations in Michigan); *see also Phifer v. City of Grand Rapids*, 657 F. Supp. 2d 867, 873 (W.D. Mich. 2009) ("[C]laims under §§ 1981, 1983, and 1985 are governed by Michigan's three-year statute of limitations for personal injury actions . . . .") (citing *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005)); *Krum v. Sheppard*, 255 F. Supp. 994, 998 (W.D. Mich. 1966) (holding that § 1985 conspiracy claims are subject to the three-year statute

5

of limitations for personal injury claims in Michigan, explaining that "the damages resulting from a deprivation of civil rights are injuries to the person," and that "[t]herefore, the claim of a conspiracy to deprive the plaintiff of his civil rights is also a claim of 'injuries to the person' within the ordinary meaning of that term."), *aff'd*, 407 F.2d 490 (6th Cir. 1967).

Although statutes of limitation are governed by state law, the question of when civil rights claims accrue remains one of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("While we have never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law."); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995). "Under federal law as developed in this Circuit, [a cause of action accrues] and the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996) (citing *Friedman v. Estate of Presser,* 929 F.2d 1151, 1159 (6th Cir. 1991)).

Plaintiff filed the instant complaint on July 1, 2014. (Docket no. 1.) Plaintiff states that the "main allegation" against Defendant Neff is that she "intentionally conspired with others to KILL Plaintiff and in her attempt she stabbed and cut him in the face thereby causing damage to the nerve muscles in chin and jaw areas." (Docket no. 67 at 4.) The attempted I&D procedure occurred on December 9, 2010. (Docket no. 64-3 at 2.) Any conspiring to kill Plaintiff during the procedure would necessarily have occurred prior to that date. Plaintiff also alleges some sort of conspiracy between Defendant Neff and others to fabricate the sexual assault and destroy evidence supporting Plaintiff's version of events. (*See* docket no. 65 at 4 (facts "clearly demonstrate[] that Defendant Neff's plan was to lure Plaintiff Berryman into a secluded area with

6

the intentions of KILLING him, and/or in order to set him up with false charges").) The misconduct hearing relating to the sexual assault occurred on December 16, 2010; therefore, any fabrication of evidence or conspiracy to "set Plaintiff up" would necessarily have occurred prior to that date.

Moreover, Plaintiff would have been aware of Defendant's Neff's alleged attack on him on December 10, 2010, as it was happening, and he would have become aware of any allegedly fabricated evidence during the misconduct hearing on December 17, 2010. Thus, Plaintiff's claims accrued, at the latest, by December 16, 2010. Plaintiff does not argue otherwise. Indeed, his only reasonably well-developed response to Defendant Neff's argument is that the running of the limitations period was tolled when he filed a previous lawsuit against Defendant Neff. He references a case "filed in the beg[inning] part of the year 2013, before the Honorable Victoria Roberts United States Federal District Judge," which appears to be case no. 13-12403. (Docket no. 65 at 5.) However, that case was filed on May 31, 2013, and was dismissed without prejudice on July 11, 2013. *See Berryman v. Neff*, 13-12403, docket no. 8 at 1-3, 12 (E.D. Mich. July 11, 2013). Even if that case was pending long enough to bring Plaintiff's claims within the limitations period (which it was not), the statute of limitations is not tolled while a complaint that is later dismissed without prejudice is pending, as a dismissal without prejudice "'leaves the situation the same as if the suit had never been brought.'" *Portman v. Wilson*, No. 10-CV-169-KSF, 2010 WL 2870050, at *7 (E.D. Ky. Jul. 19, 2010) (quoting *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27-28 (6th Cir. 1987)). Defendant Neff points out another case Plaintiff filed, in the Western District of Michigan on April 25, 2012. However, that case was also dismissed without prejudice (after pending for 161 days), and therefore also did not toll the running of the limitations period.

7

*See Crawford v. Prison Health Servs.*, case no. 1:12-cv-00409, docket no. 47 (W.D. Mich. Oct. 3, 2012).

Plaintiff also argues in passing that the actions taken by Defendant Neff are part of a "continuing violation" of his rights, such that the later violations committed by other defendants would bring Defendant Neff's alleged violations into the limitations period.  (*See* Docket no. 65 at 6.)  The "continuing violation" doctrine, however, is no longer available to plaintiffs like Mr. Berryman, who allege a series of discrete violations of their civil rights and attempt to rely on the timeliness of the later-arising claims to save their untimely claims.  *See Sharpe v. Cureton*, 319 F.3d 259, 268 (6th Cir. 2003) (discussing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), and holding, "*Morgan* overturns prior Sixth Circuit law addressing serial violations, *i.e.*, plaintiffs are now precluded from establishing a continuing violation exception [to the statute of limitations] by proof that the alleged acts of discrimination occurring prior to the limitations period are sufficiently related to those occurring within the limitations period.").  Moreover, there is at least a fifteen month gap between the time of the events involving Defendant Neff, which occurred in December 2010, and those involving the other defendants, which begin in March 2012, and continue through May 2014.  (*See* Docket no. 1 at 19-24.)  Plaintiff fails to explain how his claims against Defendant Neff are part of a "continuing violation"  in light of such a significant time gap.

Accordingly, because the claims asserted against Defendant Neff are time-barred, the undersigned recommends that these claims be **DISMISSED**.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Eastern District of Michigan Local Rule 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 19, 2017　　　　　　　　s/ Mona K. Majzoub  
　　　　　　　　　　　　　　　　　　　MONA K. MAJZOUB  
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served on counsel of record and on Plaintiff Philip Berryman on this date.

Dated: January 19, 2017　　　　　　　　s/ Lisa C. Bartlett  
　　　　　　　　　　　　　　　　　　　Case Manager