UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP BERRYMAN,

    Plaintiffs,

v.    Case No. 14-12593

SCOTT FREED, R. VITTITOW, L. ELKINS, EXELBY, N. CULBERSON, KEDRON, FAY TAYLOR, FRED FUNSTON, RESZKE, ADRIANE NEFF, and RUHL-ANDERSON,    HON. AVERN COHN

    Defendants.

_____/

## ORDER
## OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 84)
## AND ADOPTING REPORT AND RECOMMENDATION (Doc. 83)
## AND
## GRANTING DEFENDANT ADRIANE NEFF'S MOTION FOR SUMMARY JUDGMENT
## (Doc. 64)

I.

This is a prisoner civil rights case. Plaintiff Philip Berryman[1] filed this action under 42 U.S.C. § 1983, 1985, and 1988, essentially claiming that defendants, employees of the Michigan Department of Corrections conspired to violate his civil rights by issuing false and/or retaliatory misconduct tickets and destroying documents relating to him. Defendants are: Scott Freed, R. Vittitow, L. Elkins, Exelby, N. Culberson, Kedron, Fay Taylor, Fred Funston, Reszke, Adriane Neff, and

---

[1] Plaintiff was originally joined by Charles Starling and Daniel Mora. The Court, adopting the magistrate judges's report and recommendation, severed plaintiff's claims and dismissed Starling and Mora. See Doc. 42.

Ruhl-Anderson. Plaintiff claims violations of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments. Plaintiff seeks compensatory damages, punitive damages, and any other relief that the Court deems appropriate.

The matter was referred to a magistrate judge for pretrial proceedings, (Doc. 27), and before whom defendant Adriane Neff filed a motion for summary judgment (Doc. 64). The magistrate judge issued a report and recommendation (MJRR), recommending that the motion be granted on the grounds that plaintiff's claims against Neff are barred by the statute of limitations. (Doc. 83).

Before the Court are plaintiff's objections to the MJRR. For the reasons that follow, the objections will be overruled, the MJRR will be adopted, and Neff's motion for summary judgment will be granted.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been

presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

III.

Plaintiff's objections for the most part repeat the arguments considered and rejected by the magistrate judge. As the magistrate judge carefully explained, giving plaintiff the broadest interpretation of events, his claim against Neff is barred by the applicable three year statute of limitations. Nothing in plaintiff's objections convince the Court that the magistrate judge erred in its analysis or recommendation.

IV.

For the reasons stated above, plaintiff's objections are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court. Neff's motion for summary judgment is GRANTED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: February 21, 2017

Detroit, Michigan

3