UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PHILLIP BERRYMAN,

    Plaintiffs,

v.    Case No. 14-12593

SCOTT FREED, R. VITTITOW, L.    HON. AVERN COHN
ELKINS, EXELBY, N. CULBERSON,
KEDRON, FAY TAYLOR, FRED FUNSTON,
RESZKE, ADRIANE NEFF, and
RUHL-ANDERSON,

    Defendants.

_____/

**MEMORANDUM AND ORDER**
**OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 90)**
**AND ADOPTING REPORT AND RECOMMENDATION (Doc. 89)**
**AND**
**DENYING PLAINTIFF'S MOTION TO STRIKE (Doc. 80)**
**AND**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 78)**
**AND**
**DISMISSING CASE**

I.

This is a prisoner civil rights case. Plaintiff Philip Berryman[1] filed this action under 42 U.S.C. § 1983, 1985, and 1988, essentially claiming that defendants, employees of the Michigan Department of Corrections conspired to violate his civil rights by issuing false and/or retaliatory misconduct tickets and destroying documents

---

[1]Plaintiff was originally joined by Charles Starling and Daniel Mora. The Court, adopting the magistrate judges's report and recommendation, severed plaintiff's claims and dismissed Starling and Mora. See Doc. 42.

relating to him. Defendants are: Scott Freed, R. Vittitow, L. Elkins, Exelby, N. Culberson, Kedron, Fay Taylor, Fred Funston, Reszke, and Ruhl-Anderson.[2] Plaintiff claims violations of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments. Plaintiff seeks compensatory damages, punitive damages, and any other relief that the Court deems appropriate.

The matter was referred to a magistrate judge for pretrial proceedings, (Doc. 27), and before whom plaintiff filed a motion to strike (Doc. 80) and defendants filed a motion for summary judgment (Doc. 78). The magistrate judge issued a report and recommendation (MJRR), recommending that plaintiff's motion be denied, defendants' motion be granted, and the case dismissed. (Doc. 89).

Before the Court are plaintiff's objections to the MJRR. (Doc. 90). Defendants have filed a response to the objections. (Doc. 91). For the reasons that follow, the objections will be overruled, the MJRR will be adopted, plaintiff's motion will be denied, defendants' motion will be granted, and the case will be dismissed.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution

---

[2]Defendant also sued Adriane Neff. The Court, on adoption of the recommendation of the magistrate judge, entered summary judgment in her favor. (Doc. 86).

2

mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

III.

A.

Plaintiff's objections for the most part repeat the arguments considered and rejected by the magistrate judge. Be that as it may, plaintiff's objections[3] are addressed in turn below.

B.

Plaintiff objects to the magistrate judge's recommendation that plaintiff's official capacity claims for money damages against Free, Elkins, Exelby, Culbertson, Taylor, Funston, and Rhul-Anderson be dismissed as barred by the Eleventh Amendment.

---

[3]Plaintiff does not object to the recommendation that Vittitow, Kedron, and Reszke be dismissed because plaintiff fails to identify any claims against them. Not does plaintiff object to the dismissal of his claims against Funston. Plaintiff also does not object to the magistrate judge's recommendation that his motion to strike be denied.

Plaintiff suggests that he is seeking injunctive relief. However, the magistrate judge correctly recognized that the relief sought in the complaint is limited to monetary damages, i.e., compensatory and punitive damages, plus costs and attorney fees. (See e.g., Doc. 1, PageID.25-27, §§72, 82, 91, 111, 136, 151, 161, 172, 187, 198, 203, 209, 223.) No equitable or injunctive relief was requested. As such, plaintiff's claims against them must be dismissed.

C.

Plaintiff also objects to the magistrate judge's finding that plaintiff's individual claims against Freed and Culberson are barred because they are entitled to absolute immunity for the actions. This objection is not well taken. Plaintiff's claims against Freed and Culberson is their alleged action(s) taken in performance of their job duties as a hearing investigator and hearing officer. Specifically, plaintiff alleges that Culberson was the "hearing officer" with respect to a misconduct ticket and his dispute with Freed is in the context of his duties in processing misconduct tickets and responding to document requests in connection therewith. Whether a hearing officer or judicial official is entitled to immunity depends not on the person's job title, but whether the activity underlying the alleged liability is performance of a judicial or quasi-judicial function within the scope of his/her job duties. See Foster v. Walsh, 864 F.2d 416, 417-18 (6th Cir. 1988) (The Sixth Circuit had "no difficulty" granting immunity to a court clerk in the context of a lawsuit arising from her issuance of an arrest warrant because such activity was "a 'truly judicial act.'"). Moreover, absolute immunity is applicable to both hearing investigators and hearing officers when performing quasi-judicial functions. Evans v. Eaton, 2009 U.S. Dist. LEXIS 47069 (E.D. Mich. June 4, 2009).

Here, Culberson and Freed were named in this complaint in connection with such quasi-judicial activities. As such, the magistrate judge correctly concluded that they are entitled to immunity.

D.

The remainder of plaintiff's objections relate to the magistrate judge's finding that he failed to exhaust his claims against Fay Taylor, Elkins (for retaliation), Exelby, and Ruhl-Anderson.

First, to the extent plaintiff says that the magistrate judge did not read the grievances, he is mistaken. The magistrate judge carefully describes the subject matter of each grievance in detail, as well as the response thereto.

As to Taylor, plaintiff says he exhausted his claim against her, citing what he purports to be grievance language. As noted in defendants' response to plaintiff's objections, plaintiff appears to be excerpted from the Grievance Identified as SRF 2013-08-1377-28B, which is attached as Exhibit 3 to Defendants' Motion for Summary Judgment (Doc. 78-3, PageID.760.). This grievance claims that Taylor denied him access to the courts by refusing his request to order ink jet cartridges for his word processor. He claimed that the refusal was done in retaliation. This was evaluated at the Step II, which upheld the denial on the grounds that the information regarding the retaliation remained vague and, also, that inkjet cartridges "do not appear to be on the Approved Property List" and Plaintiff had not filed documentation showing his right to them. (Id. at PageID. 759.)

The magistrate judge is correct that the grievance was rejected <u>as vague as to the claim of retaliation—the only basis for Plaintiff's claim against Taylor</u>. The grievance

5

identifies Plaintiff's disagreement with Taylor's alleged refusal to

provide him with ink jet cartridges. It does not allege that the refusal was in connection

with any protected conduct undertaken by plaintiff, which would be necessary to support

his claim of retaliation. Nor is there any documentation supporting plaintiff's alleged

right to them.

Moreover, even assuming plaintiff exhausted his claims against Taylor, summary

judgment in her favor remains appropriate because she is entitled to qualified immunity.

As explained in defendants' motion for summary judgment, Taylor is entitled to qualified

immunity because the only alleged wrongdoing is her refusal to order ink cartridges for

plaintiff's typewriter. While Plaintiff claims this was retaliatory, there is no factual

allegation to support this. Specifically, there is no allegation of a protected conduct that

plaintiff engaged in prior to the alleged refusal to order the ink cartridges or a basis for

finding that the alleged refusal was motivated at least in part by the protected conduct.

Nor is there any allegation of a violation of due process with respect to this as is

necessary to establish a claim under the Fourteenth Amendment.

In short, plaintiff's claim against Taylor is subject to dismissal for failure to

exhaust and on the grounds of qualified immunity.

As to Exelby, plaintiff says he was not required to file a Step III appeal to the

denial of prior grievances for Exelby and therefore did exhaust his claim. The objection

lacks merit. The PLRA requires exhaustion of all available administrative remedies.

MDOC policy authorizes a grievant to file a Step II and Step III appeal "if s/he is

dissatisfied with the response" or "s/he did not receive a timely response." ®. 78-5,

PageID. 835, ¶¶ BB, FF.) A transfer to a different facility does not generally excuse a

failure to completely comply with the grievance policy. Napier v. Laurel County, 636 F.3d 218, 223-24 (6th Cir. 2011).

As to Ruhl-Anderson, the magistrate judge correctly concluded that plaintiff had not exhausted his claim. The grievance cited in the report and recommendation, and in plaintiff's objection, address allegations of property allegedly lost during the transfer from one facility to another. There is no mention that any act was done in retaliation for any misconduct ticket or otherwise which forms the basis for plaintiff's claim in the complaint.

Plaintiff also objects to the magistrate judge's recommendation that plaintiff's claim of retaliation under 42 U.S.C. § 1985(3) be dismissed is based on his failure to demonstrate that "the conspiracy was motivated by a class based animus, such as race." (Doc. 89, PageID.1066.) Plaintiff does not refute this finding in his objections. The complaint simply does not allege any class-based animus. This objection is overruled.

As to plaintiff's claim of conspiracy under 42 U.S.C. § 1983, plaintiff essentially objects to the magistrate judge's reliance on defendants' affidavits when plaintiff says he provided an affidavit refuting these. However, the affidavits attached to plaintiff's response are neither signed nor notarized. Moreover, plaintiff responded to the Defendant's denial that s/he conspired against him by a bland assertion that he "[d]isputes" the Defendant's statement (which s/he testified to under oath based on personal knowledge) "as untrue" and that he "leave[s] her to her proofs." (See, e.g., R.81, PageID.985, ¶6.) These are vague and conclusory allegations and unsupported by material facts. As the magistrate judge correctly recognized, these allegations are

7

insufficient to support a claim for conspiracy.

IV.

For the reasons stated above, plaintiff's objections are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court. Plaintiff's motion to strike is DENIED. Defendants' motion for summary judgment is GRANTED. This case is DISMISSED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: July 31, 2017

Detroit, Michigan